## United States District Court for the District of Columbia

Shona S. Pendse

*Plaintiff*

v.

Commissioner of Internal Revenue,

*Defendant*

Case: 1:25−cv−00633 JURY DEMAND
Assigned To : McFadden, Trevor N.
Assign. Date : 3/4/2025
Description: Pro Se Gen. Civ. (F−DECK)

Docket No. _____

### VERIFIED COMPLAINT

# Contents

INTRODUCTION ........................................................................................................................... 2

Preliminary Statement ............................................................................................................... 2

PARTIES ...................................................................................................................................... 5

JURISDICTION .............................................................................................................................. 6

VENUE .......................................................................................................................................... 6

LAW .............................................................................................................................................. 6

FACTS, part One ......................................................................................................................... 8

    2011 - Govt begins investigating suspected tax fraud ......................................................... 8

    2017 - Govt settles USTC 9661-16 agreeing there was no fraud ...................................... 10

    Court Decision in USTC 9661-16 necessarily determined that there had been no fraud ..................... 11

    2019 Govt "concede"s USTC 25665-17 accepting that its prior fraud allegations were incorrect ........ 12

    Court Decision in USTC 25665-17 necessarily determined that there had been no fraud ................... 14

    2021 US District Court decides no fraud .......................................................................... 14

    Valididity of Settlement Agreement, Govt Conceding case, and Court Decisions................................ 15

    CPAP ClinicalServices LLC Ownership and Income.......................................................... 16

    CPAPconcierge LLC Ownership and Income .................................................................... 16

    Facts from Exhibits........................................................................................................... 16

    Dr. Shona Pendse's 2019 tax return ................................................................................ 19

    Dr. Shona Pendse's 2020 tax return ................................................................................ 20

    Dr. Shona Pendse's 2021 tax return ................................................................................ 21

    Dr. Shona Pendse's 2022 tax return ................................................................................ 22

    Dr. Shona Pendse's 2023 tax return ................................................................................ 23

Facts, part Two .......................................................................................................................... 23

RECEIVED

MAR - 4 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2023 Refund ............................................................................................................. 23

USTC 9661-16 ......................................................................................................... 23

USTC 25665-17 ....................................................................................................... 24

US District of MA 1:18-cv-10424 ........................................................................... 26

PRAYER ......................................................................................................................... 27

Certification................................................................................................................. 27

Verification .................................................................................................................. 28

# INTRODUCTION

1. Plaintiff, Dr. Shona Pendse, a medical doctor who has dedicated her life to caring for patients and doing research, *pro se*, here, complains that Defendant has not processed her 2023 tax return and issued a refund after more than 6 months of receiving the return. See Exhibit A and Exhibit B.

2. Plaintiff, Dr. Pendse, here asks this honorable court to:

    a. determine her tax liability for tax year 2023,

    b. order that Defendant issue her a refund for tax year 2023,

    c. declare the facts necessary to determine her tax liability for tax year 2023 (i.e. that Dr. Pendse owns SHV, SHV purchased SleepHeart LLC from Dr. Merchia during 2008 for $30 million, and Dr. Pendse is entitled to deduct amortized expenses associated with this purchase).

# Preliminary Statement

3. Any reference to Defendant in this complaint also includes Defendant's counsel at the DOJ.

4. Regardless of what is written in this complaint, or any subsequent filing in this case, unless the filing specifically states that it seeks to amend ECF #1 ¶4, it does not modify the below prior determinations or settlement agreements:

a.  By this Complaint, Plaintiff does not open any tax year other than 2023.

b.  By this Complaint, Plaintiff does not reopen facts agreed to by the IRS Office of Chief Counsel in the settlement agreement that the IRS Office of Chief Counsel wrote in United States Tax Court 9661-16 (USTC 9661-16) including without limitation the contents of Exhibit 411 attached hereto which included agreement that "During 2008, [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to SleepHeart of Virginia [LLC ("SHV")], an entity owned by [Dr. Shona] Pendse.  The purchase price was $30,000,000 and was to be paid in installments."

c.  By this Complaint, Plaintiff does not reopen facts necessarily determined by the US Tax Court's decision in USTC 9661-16 which facts include that:

   i.  "During 2008 Dr. Merchia agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

   ii.  Dr. Merchia owned SleepHeart LLC for more than 1 year prior to its sale to [SHV], an entity owned by [Dr. Shona] Pendse.

   iii.  Payments made by Dr. Pendse's SHV to Dr. Merchia were taxable as long-term capital gains in his hands.

d.  By this Complaint, Plaintiff does not reopen facts agreed to in USTC 25665-17 by Plaintiff Dr. Pendse's acceptance in July 2019 of the IRS Office of Chief Counsel's offer of July 19, 2019 at 3:16pm to "settle [] the case [by the IRS Office of Chief Counsel] conced[ing] [the facts/issues they disputed in their pretrial memorandum, Doc. No. 15]" which agreed facts were that:

    i.    Plaintiff Dr. Pendse was entitled to take a deduction for the cost of goods sold by her Schedule C business, SHV.

    ii.    Plaintiff Dr. Pendse was entitled to take a deduction for contract labor expenses exceeding $8,000.00 for tax year 2008 related to her Schedule C business, SHV.

    iii.    Plaintiff Dr. Pendse was entitled in 2008 to a deduction for expenses associated with amortization in the amount of $675,356 for tax year 2008 related to her Schedule C business, SHV's, purchase of SleepHeart LLC from Dr. Merchia for $30,000,000.

e.  By this Complaint, Plaintiff does not reopen the facts necessarily determined by the US Tax Court's decision in USTC 25665-17 which facts include that:

    i.    Plaintiff Dr. Pendse was entitled to take a deduction for the cost of goods sold by her Schedule C business, SHV.

    ii.    Plaintiff Dr. Pendse was entitled to take a deduction for labor expenses of her Schedule C business, SHV.

    iii.    Plaintiff Dr. Pendse was entitled to a deduction for expenses associated with her Schedule C business, SHV's, amortization of its purchase of SleepHeart LLC from Dr. Merchia for $30,000,000 during 2008.

    iv.    Plaintiff Dr. Pendse was not liable for any additions to tax for failure to file for 2008 since the amortization expense resulted in her having overpaid her taxes for 2008 by $51,611.20.

      v.    Plaintiff Dr. Pendse was not liable for any additions to tax for failure to pay for 2008 since the amortization expense resulted in her having overpaid her taxes for 2008 by $51,611.20.

    f.    By this Complaint, Plaintiff does not reopen the following fact which was necessarily determined in US District Court of Massachusetts Case 1:18-cv-10424-PBS, and expressly stated in its Memorandum and Order ECF #198 page 2 of 7 ¶2, the fact that "[Plaintiff Dr. Pendse] is the sole member of [SHV] which purchased [Dr. Merchia's] company [SleepHeart LLC in 2008 for $30 million]".

## PARTIES

5.  Plaintiff, Dr. Shona S. Pendse, is a physician scientist licensed in the District of Columbia to practice medicine, who has dedicated her life to helping patients through direct patient care and scientific medical research.  She earned her MD from Harvard Medical School, did a residency at Beth Israel Deaconess Medical Center, did a fellowship at Massachusetts General Hospital and Brigham and Women's Hospital, was a National Institutes of Health (NIH) funded research scientist on the faculty at Harvard Medical School, founded and ran multiple medical practices, served as a Medical Officer at the United States Food and Drug Administration (FDA), and currently works as a vice president of a global pharmaceutical company overseeing the development of new treatments for multiple medical disorders, in addition to overseeing her own private business SHV for the last seventeen years.

6.  Defendant is the Commissioner of Internal Revenue of the United States of America.

7. Dr. Pankaj Merchia is **not** a party to this case.  Dr. Merchia is a physician scientist, who has dedicated his life to helping patients through direct patient care and scientific medical research.

## JURISDICTION

8. This court has jurisdiction over this case pursuant to 28 USC § 1346 where the United States is a defendant.

## VENUE

9. This court is an appropriate venue since Plaintiff lives and works in this District part of the year and Defendant is based in this District.

## LAW

10. Defendant writes in IRM 35.5.2.1 ¶3 (08-11-2004) that: "The Tax Court looks to contract principles to determine whether the parties have reached an enforceable settlement agreement. Dorchester Industries, Inc. v. Commissioner, 108 T.C. 320 (1997), aff'd, 208 F.3d 205 (3d Cir. 2000). The Tax Court in Dorchester announced that it will no longer follow Cole v. Commissioner, 30 T.C. 665 (1958), aff'd , 272 F.2d 13 (2d Cir. 1959), which had held that settlement agreements are not binding until filed as a stipulation or made part of the record. The court may therefore enforce a settlement agreement evidenced solely by an exchange of correspondence between the parties, particularly where the parties have communicated to the court that they have achieved a settlement agreement. See, e.g., Manko v. Commissioner, T.C. Memo. 1995–10. The court may also enforce a settlement agreement even in the absence of communication of the fact of the agreement to the court.

The parties should expect that any unequivocal communication of an acceptance of a settlement offer will be irreversibly binding and enforceable, unless the communication expressly sets forth any conditions that must be satisfied before achieving a binding agreement, including any required procedures for formal acceptance of a settlement offer."

See  https://www.irs.gov/irm/part35/irm_35-005-002

11. In Dorchester Indus. v. Commissioner of Internal Revenue, 108 T.C. 320 (U.S.T.C. 1997), and affirmed by the 3rd circuit in 208 F.3d 205 (3d Cir. 2000), the USTC held that "In a tax case, it is not necessary that the parties execute a closing agreement under section 7121 in order to settle a case pending before this Court, but, rather, a settlement agreement may be reached through offer and acceptance made by letter, or even in the absence of a writing. Lamborn v. Commissioner, T.C. Memo. 1994-515. Settlement offers made and accepted by letters are enforced as binding agreements. Haiduk v. Commissioner, T.C. Memo. 1990-506; see also Himmelwright v. Commissioner, T.C. Memo. 1988-114." See https://casetext.com/case/dorchester-indus-v-commissioner-of-internal-revenue

12. Tax Court proceedings preclude subsequent litigation[1].  See United States v. Abatti, 463 F. Supp. 596 in Exhibit 801 and the SCOTUS rulings referenced therein including Commissioner v. Sunnen, 333 U.S. 591, 598, 68 S. Ct. 715, 719, 92 L. Ed. 898 (1947);   Yates v. United States, 354 U.S. 298, 77 S. Ct. 1064, 1 L. Ed. 2d 1356 (1957);   Ashe v. Swenson, 397 U.S. 436, 444, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970).

---

[1] Defendant indicted Plaintiff.  In 2023 Defendant claimed that Dr. Pendse had underpaid taxes for 2019 and 2020. Subsequently, in 2024, Defendant issued Dr. Pendse tax refunds for the same years, 2019 and 2020.

13. Extrinsic evidence, such as settlement agreements and correspondence between parties, may be used to determine the issues controverted and decided by a court decision.  See Russell v. Place, 94 U.S. 606, 24 L. Ed. 214 (1876).

14. Settlement agreements preclude subsequent litigation on agreed issues since to not do so would, in the words of the Supreme Court of the US, be "the height of inefficiency; [and would] fundamentally deprive [a party] of the benefit of the bargain it struck, and undercuts the strong policy interest that all courts have in promoting settlement".  See Exhibit 802 with Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 U.S. 405 (unanimous decision of SCOTUS 2020)


# FACTS, part One

## 2011- Govt begins investigating suspected tax fraud

15. Since at least as early as 2011, Defendant suspected Dr. Pankaj Merchia and Dr. Shona Pendse had committed tax fraud and tax evasion.

16. On May 23, 2013 in US District Court for EDVA Case. No. 1:13SW375 and multiple other related case numbers Defendant had the Federal Bureau of Investigations (FBI) exercised search warrants at the home of Dr. Merchia, home of Dr. Pendse, and multiple offices of SHV.

17. The search warrants were executed by more than 30 FBI agents and IRS Criminal Investigations Division (IRS-CID) investigators and Health and Human Services / Medicare (HHS) investigators.

18. The search warrants were executed with multiple 20' long moving trucks to seize items.

19. The search warrants seized millions of business and financial documents in electronic or paper chart format.

20. The search warrants seized dozens of computer systems and hard drives and other storage media and other items, both professional and personal.

21. Between 2011 and 2017, Defendant, the FBI and IRS Criminal Investigations Division (IRS-CID) visited in-person and interviewed hundreds of staff persons, patients, business partners, friends, and neighbors of Dr. Merchia, Dr. Pendse, and SHV.

22. Between 2011 and 2017, Defendant, the FBI, and IRS-CID subpoenaed bank records of Dr. Pendse, Dr. Merchia, SHV, and their businesses, subsidiaries and affiliates.

23. Between 2011 and 2017, Defendant, the FBI, and IRS-CID subpoenaed suppliers, customers, and other business associates of Dr. Pendse, Dr. Merchia, SHV, and their businesses, subsidiaries and affiliates.

24. Between 2011 and 2017, Defendant empaneled multiple grand juries to investigate fraud by Dr. Merchia and Dr. Pendse and SHV.  The grand juries took testimony and documents from hundreds of employees, contractors, business partners, and patients of Dr. Merchia and Dr. Pendse and SHV.

25. Between 2013 and 2017, Defendant audited Dr. Merchia's tax returns from 2008 through 2014.  As part of the audit Defendant made multiple Information Document Requests (IDR), subpoenas, and collaborated with the FBI and IRS-CID.

26. Between 2013 and 2017, Defendant audited Dr. Pendse's tax returns from 2008 through 2014.  As part of the audit Defendant made multiple Information

Document Requests (IDR), subpoenas, and collaborated with the FBI and IRS-CID.

## 2017- Govt settles USTC 9661-16 agreeing there was no fraud

27. In USTC 9661-16 the IRS office of chief counsel suspected and investigated tax fraud.

28. On October 3, 2017 at 9:16am Defendant sent Dr. Pankaj Merchia the settlement agreement shown in Exhibit 411 which states

"this letter and the additional language in the stipulation and decision documents describe the settlement" "the underlying facts forming the basis of our settlement in this case [that we agree to are that] during 2008, [Dr. Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse. The purchase price was $30,000,000 and was to be paid in installments." "The amounts reported as installment sale income [by Dr. Merchia] were taxable as capital gains". See Exhibit 411 pages 2 and 3.

29. Said October 2017 settlement agreement was entered into after Defendant had considered and investigated fraud. See Exhibit 401 to 499.

30. Said October 2017 settlement agreement was entered into on the eve of trial.

31. Said October 2017 settlement agreement was entered into to avert trial.

32. Defendant expected trial would have reached the same conclusions as said October 2017 settlement agreement.

33. Said October 2017 settlement agreement states that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

34. Said October 2017 settlement agreement allowed Dr. Merchia to be taxed on $30 million in payments from SHV at the long-term capital gains tax rate.

35. In 2012 Defendant taxed Dr. Merchia on about $15 million in payments from SHV based upon the sale agreement, even though, he had only received about $2.5 million that year.

36. Defendant does not have any new information concerning the validity of the statement "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments." or the reasonableness of the valuation, that Defendant did not have, or could not have obtained with reasonable diligence, when it settled USTC 9661-16 in October 2017.

## Court Decision in USTC 9661-16 necessarily determined that there had been no fraud

37. The decision and stipulation documents signed by the judge in USTC 9661-16 were part of the settlement agreement that stated, "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

38. Although Defendant only docketed the latter pages of the settlement agreement for USTC 9661-16 with the US tax court based upon telling Dr. Merchia that as a matter of custom, they did not docket all of the pages with the court, the full settlement agreement in USTC 9661-16 included the language that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments.".

39. The numbers in the decision documents docketed with the court and signed by the judge in USTC 9661-16 were calculated based upon the facts that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity

owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

40. The numbers in the decision and stipulation documents signed by the judge in US Tax Court decision in USTC 9661-16 necessarily determined the full language of the settlement agreement that included "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

41. The letter part on pages 2 and 3 of Exhibit 411 was part of the settlement agreement since Defendant described it as "this letter and the additional language in the stipulation and decision documents describe the settlement".

## 2019 Govt "concede"s USTC 25665-17 accepting that its prior fraud allegations were incorrect

42. Prior to July 2019, Defendant had argued in its pretrial memorandum in USTC 25665-17 Doc. No. 15 that Dr. Pendse was not entitled to expense the cost of goods sold by SHV.

43. Prior to July 2019, Defendant had argued in its pretrial memorandum in USTC 25665-17 Doc. No. 15 that Dr. Pendse was not entitled to expense labor (i.e. staff) expenses of SHV.

44. Prior to July 2019, Defendant had argued in its pretrial memorandum in USTC 25665-17 Doc. No. 15 that Dr. Pendse was not entitled to amortize SHV's purchase of SleepHeart LLC during 2008 for $30,000,000 from Dr. Pankaj Merchia because "no sale occurred".  See Exhibit 301 page 9 ¶2 and Exhibits 301 to 399.

45. In or about July 2019, Defendant entered into a settlement agreement with Plaintiff Dr. Pendse whereby Defendant conceded the case of USTC 25665-17 (see Exhibit 340 and Exhibits 301 to 351).

46. Said July 2019 settlement agreement included Defendant conceding that Plaintiff Dr. Pendse was entitled to take a deduction on her personal tax return for the cost of goods sold by her Schedule C business, SHV (see Exhibit 301 PDF page 3 issue 1 and Exhibits 301 to 351).

47. Said July 2019 settlement agreement included Defendant conceding that Plaintiff Dr. Pendse was entitled to take a deduction on her personal tax return for labor expenses of her Schedule C business, SHV (see Exhibit 301 PDF page 3 issue 2 and Exhibits 301 to 351).

48. Said July 2019 settlement agreement included Defendant conceding that Plaintiff Dr. Pendse was entitled to a deduction on her personal tax return for expenses associated with her Schedule C business, SHV, purchasing SleepHeart LLC in 2008 from Dr. Merchia for $30,000,000 (see Exhibit 301 PDF page 3 issue 3 and Exhibits 301 to 351).

49. Said July 2019 settlement agreement was entered into after Defendant had considered, investigated, and even argued fraud by Defendant having written, in their pre-trial memorandum, "no sale occurred" referring to the 2008 sale by Dr. Merchia of SleepHeart LLC to Dr. Pendse's SHV for $30,000,000.  See Exhibit 301 PDF page 9 ¶2 and Exhibits 301 to 399.

50. Said July 2019 settlement agreement was entered into on the eve of trial.

51. Said July 2019 settlement agreement was entered into to avert trial.

52. Defendant expected trial would have reached the same conclusions as the said July 2019 settlement agreement.

53. Said July 2019 settlement agreement agreed that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

54. Said July 2019 settlement agreement allowed Dr. Pendse to take deductions on her personal income tax for the next fifteen years (180 months) to amortize SHV's purchase of SleepHeart LLC for $30 million.

## Court Decision in USTC 25665-17 necessarily determined that there had been no fraud

55. The US Tax Court decision in USTC 25665-17 necessarily determined that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

56. The numbers in the decision documents signed by the judge in USTC 25665-17 were based upon that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

57. The numbers in the decision documents signed by the judge in USTC 25665-17 necessarily determined that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments."

## 2021 US District Court decides no fraud

58. In US District Court of Massachusetts Case 1:18-cv-10424 Defendant argued that Dr. Merchia's sale of SleepHeart LLC to SHV, an entity owned by Dr. Pendse in 2008 for $30,000,000 was a "sham".

59. In US District Court of Massachusetts Case 1:18-cv-10424 the court found
"[Plaintiff Dr. Pendse] is the sole member of [SHV] which purchased [Dr.
Merchia's] company [SleepHeart LLC in 2008 for $30 million]".  See Exhibit 501
with Case 1:18-cv-10424-PBS Document 198 page 2 of 7 ¶2.

60. In US District Court of Massachusetts Case 1:18-cv-10424 the court taxed Dr.
Merchia in 2012 on about $15 million of income from SHV for his sale to SHV
of SleepHeart LLC, even though he only received about $2.5 million in 2012
from SHV.  About $12.5 million was in the form of a promissory note signed
from SHV that was signed by Dr. Pendse as SHV's managing member.

## Validity of Settlement Agreement, Govt Conceding case, and Court Decisions

61. Defendant has no new information concerning the validity of the settlement
that "During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV],
an entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid
in installments." or the reasonableness of the valuation, that Defendant did not
have, or could not have obtained with reasonable diligence, when it settled
USTC 9661-16 in October 2017.

62. Defendant has no new information concerning the validity of the statement
"During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an
entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in
installments." or the reasonableness of the valuation, that Defendant did not
have, or could not have obtained with reasonable diligence, when it conceded
USTC 25665-17 in July 2019.

63. Defendant has no new information concerning the validity of the statement
"During 2008 [Dr. Pankaj Merchia] agreed to sell SleepHeart LLC to [SHV], an

entity owned by [Dr. Shona] Pendse, for $30,000,000 which was to be paid in installments." or the reasonableness of the valuation, that Defendant did not have, or could not have obtained with reasonable diligence, when it concluded its filings with the court in US District Court of Massachusetts Case 1:18-cv-10424 in 2021.

## CPAP ClinicalServices LLC Ownership and Income

64. Defendant does not have any information or good faith basis to dispute that Dr. Shona Pendse was the sole member (i.e. owner) of CPAP ClinicalServices LLC, a Maryland LLC that was organized in 2016.

65. Defendant does not have any information or good faith basis to ascribe CPAP ClinicalServices LLC's ownership in 2018 or income in 2017 to Dr. Merchia.

## CPAPconcierge LLC Ownership and Income

66. Defendant does not have any information or good faith basis to dispute that SHV was the sole member (i.e. owner) of CPAPconcierge LLC, a Maryland LLC that was organized in 2018.

67. Defendant does not have any information or good faith basis to dispute that Dr. Shona Pendse was the sole member (i.e. owner) of SHV in 2018, when CPAPconcierge LLC was organized in 2018.

68. Defendant does not have any information or good faith basis to ascribe CPAPconcierge LLC's income in 2019 to Dr. Merchia.

## Facts from Exhibits

69. Exhibit 301 is authentic and represents what it claims to represent, i.e. that in USC 25665-17 the IRS had argued that Drs. Merchia and Pendse had

fraudulently claimed that Dr. Pendse owned SHV and that Dr. Merchia had sold SleepHeart LLC to SHV for $30 million in 2008.

70. Exhibit 321 is authentic and represents what it claims to represent, i.e. IRS Office of Chief Counsel worked in collaboration with DOJ prior to settling the case by conceding it.

71. Exhibit 331 is authentic and represents what it claims to represent, i.e. "Counsel initially took the position that the purchase of SleepHeart LLC was illegitimate." and goes on to write "[t]he amortization deduction Plaintiff sought would be enough to eliminate the deficiency" (see highlighted text on page 2 and 3 of 3).

72. Exhibit 341 is authentic and represents what it claims to represent, i.e. IRS OCC Settlement agreement in USTC 25665-17 with IRS OCC "conced[ing]" that Dr. Pendse as owner of SHV was entitled to deduct SHV's expenses (e.g. rent, contract staff, and cost of goods sold) and an amortization expense for the purchase of SleepHeart from Dr. Merchia for $30 million which was to be amortized over 180 months (15 years).

73. Exhibit 351 is authentic and represents what it claims to represent, i.e. USTC 25665-17 Decision states "incorporating herein the facts stipulated by the parties as the findings of the Court, it is ORDERED AND DECIDED: That there is no deficiency in income tax due from [Dr. Pendse]" which necessarily required that Dr. Pendse owned SHV and SHV purchased SleepHeart from Dr. Merchia for $30 million during 2008.

74. Exhibit 399 is authentic and represents what it claims to represent, i.e. IRS considering and investigating fraud with site visits and subpoenas prior to settling USTC 25665-17

75. Exhibit 401 is authentic and represents what it claims to represent, i.e. IRS OCC considered fraud with regards to the ownership of SHV, ownership of SleepHeart, and whether or not SHV purchased SleepHeart.

76. Exhibit 411 is authentic and represents what it claims to represent, i.e. IRS OCC Settlement agreement in USTC 9661-16 stating that "During 2008, [Dr. Merchia] agreed to sell SleepHeart to [SHV], an entity owned by [Dr.] Pendse. The purchase price was $30,000,000 and was to be paid in installments." This was after IRS OCC had questioned the validity of the 2008 sale of SleepHeart to SHV and the ownership of SHV. This was after the IRS had considered the sale to be fraudulent and previously taxed it at the higher ordinary income / short-term capital gains tax rate.

77. Exhibit 499 is authentic and represents what it claims to represent, i.e. IRS Administrative file for Dr. Merchia's USTC 9661-16 shows that IRS considered and investigated fraud with site visits and subpoenas prior to settling USTC 9661-16.

78. Exhibit 501 is authentic and represents what it claims to represent, i.e. US District Court of MA found in 1:18-cv-10424-PBS that Dr. Pendse owned SHV and that SHV purchased SleepHeart from Dr. Merchia in 2008 for $30 million. Judgment also taxed Dr. Merchia on $15 million of installment income in 2012 from SHV even though he only received about $2.5 million.

79. Exhibit 611 is authentic and represents what it claims to represent, i.e. Dr. Shona Pendse owned CPAP ClinicalServices LLC.

80. Exhibit 621 is authentic and represents what it claims to represent, i.e. Dr. Shona Pendse's SHV owned CPAPconcierge LLC.

81. Exhibit 701 is authentic and represents what it claims to represent, i.e. Defendant executed search and seizure warrants at home of Dr. Pendse, home of Dr. Merchia, and offices of SHV in 2013 to investigate tax fraud.

## Dr. Shona Pendse's 2019 tax return

82. Defendant received Dr. Shona Pendse's 2019 income tax return prepared by H&R Block with references to US Tax Court Rulings in USTC 9661-16 and USTC 25665-17 on or about April 15, 2023.

83. The key issues in Dr. Pendse's 2019 income tax return was whether she was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

84. For more than a year the IRS put on hold processing Dr. Pendse's 2019 tax return for concerns of fraud. Fraud was investigated by the IRS along with its attorneys at the DOJ and investigators at the FBI and IRS CID.

85. During that more than a year, Defendant audited Dr. Pendse's 2019 tax return and considered fraud with its attorneys at the DOJ and investigators at the FBI and IRS CID.

86. After having considered fraud, Defendant processed Dr. Pendse's 2019 tax return and issued her a tax refund with interest for late processing.

87. Defendant has no good faith basis to believe that Dr. Pendse owes or owed any taxes for tax year 2019.

88. Defendant's processing of Dr. Pendse's 2019 tax return included acceptance by the IRS and the DOJ that Dr. Pendse owned SHV.

89. Defendant's processing of Dr. Pendse's 2019 tax return included acceptance by the IRS and DOJ that Dr. Pendse was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

90. Defendant's processing of Dr. Pendse's 2019 tax return included acceptance by the IRS and DOJ that Dr. Pendse's SHV owned CPAP concierge LLC.

91. Defendant's processing of Dr. Pendse's 2019 tax return included acceptance by the IRS and DOJ that Dr. Pendse was responsible for taxes on $390,000 of income that Dr. Pendse's SHV's CPAPconcierge received from HPHC Insurance Company on March 12, 2019.

## Dr. Shona Pendse's 2020 tax return

92. Defendant received Dr. Shona Pendse's 2020 income tax return on or about April 15, 2024 with references to USTC decisions in 9661-16 and 25665-17.

93. The key issue in Dr. Pendse's 2020 income tax return was whether she was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

94. For more than six months the IRS put on hold processing Dr. Pendse's 2020 tax return for concerns of fraud.  Fraud was investigated by the IRS along with its attorneys at the DOJ and investigators at the FBI and IRS CID.

95. During those months, Defendant audited Dr. Pendse's 2020 tax return and considered fraud with its attorneys at the DOJ and investigators at the FBI and IRS CID.

96. After having considered fraud, Defendant processed Dr. Pendse's 2020 tax return and issued her a tax refund with interest for late processing.

97. Defendant has no good faith basis to believe that Dr. Pendse owes or owed any taxes for tax year 2020.

98. Defendant's processing of Dr. Pendse's 2020 tax return included acceptance by the IRS and the DOJ that Dr. Pendse owned SHV.

99. Defendant's processing of Dr. Pendse's 2020 tax return included acceptance by the IRS and DOJ that Dr. Pendse was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

100.   Defendant's processing of Dr. Pendse's 2020 tax return included acceptance by the IRS and DOJ that Dr. Pendse's SHV owned CPAP concierge LLC.

## Dr. Shona Pendse's 2021 tax return

101.   Defendant received Dr. Shona Pendse's 2021 tax return prepared by a CPA with references to USTC decisions in 9661-16 and 25665-17.

102.   The key issue in Dr. Pendse's 2021 income tax return was whether she was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

103.   The IRS put on hold processing Dr. Pendse's 2021 tax return for concerns of fraud.  Fraud was investigated by the IRS along with its attorneys at the DOJ and investigators at the FBI and IRS CID.

104.   Defendant audited Dr. Pendse's 2021 tax return and considered fraud with its attorneys at the DOJ and investigators at the FBI and IRS CID.

105.   After having considered fraud, Defendant processed Dr. Pendse's 2021 tax return and issued her a tax refund.

106.   Defendant's processing of Dr. Pendse's 2021 tax return included acceptance by the IRS and the DOJ that Dr. Pendse owned SHV.

107.   Defendant's processing of Dr. Pendse's 2021 tax returns included acceptance by the IRS and DOJ that Dr. Pendse was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

108.   Defendant has no good faith basis to believe that Dr. Pendse owes or owed any taxes for tax year 2021.

## Dr. Shona Pendse's 2022 tax return

109.   Defendant received Dr. Shona Pendse's 2022 tax return prepared by a CPA with references to USTC decisions in 9661-16 and 25665-17.

110.   The key issue in Dr. Pendse's 2022 income tax return was whether she was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

111.   The IRS put on hold processing Dr. Pendse's 2022 tax return for concerns of fraud.  Fraud was investigated by the IRS along with its attorneys at the DOJ and investigators at the FBI and IRS CID.

112.   Defendant audited Dr. Pendse's 2022 tax return and considered fraud with its attorneys at the DOJ and investigators at the FBI and IRS CID.

113.   After having considered fraud, Defendant processed Dr. Pendse's 2022 tax return and issued her a tax refund.

114.   Defendant has no good faith basis to believe that Dr. Pendse owes or owed any taxes for tax year 2022.

115.   Defendant's processing of Dr. Pendse's 2022 tax return included acceptance by the IRS and the DOJ that Dr. Pendse owned SHV.

116.   Defendant's processing of Dr. Pendse's 2022 tax returns included acceptance by the IRS and DOJ that Dr. Pendse was entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

117.   Defendant has no good faith basis to believe that Dr. Pendse owes or owed any taxes for tax yearp 2022.

## Dr. Shona Pendse's 2023 tax return

118.   Defendant received Dr. Shona Pendse's 2023 tax return on August 23, 2024 prepared by a CPA with references to USTC decisions in 9661-16 and 25665-17. See Exhibit A.

119.   The key issue in Dr. Pendse's 2023 income tax return is whether she is entitled to take a deduction for amortization of her SHV's 2008 purchase of SleepHeart LLC for $30 million.

120.   As of February 27, 2025, the IRS has not processed her 2023 tax return or issued her the refund she sought for 2023.  See Exhibit B.

## Facts, part Two

## 2023 Refund

121. Defendant received Plaintiff's 2023 tax return on August 23, 2024.  See Exhibit A.

122. Defendant had not processed Plaintiff's tax return as of February 27, 2025. See Exhibit B.

123. Plaintiff's 2023 tax return was prepared by a CPA and claims a refund of $95,699.  See Exhibit C.

## USTC 9661-16

124. The IRS Office of Chief Counsel settled USTC 9661-16 by writing "During 2008, [Dr. Merchia] agreed to sell SleepHeart LLC to [SHV], an entity owned by [Dr. Shona] Pendse.  The purchase price was $30,000,000 and was to be paid in installments.  ... I hope this letter and the additional language in the stipulation and decision documents describe the settlement in a way you can better understand".  See Exhibit 411 pages 2 and 3 of 13.

125. Prior to settling USTC 9661-16, the IRS Office of Chief Counsel considered and investigated fraud with search warrants, site visits and subpoenas.  See Exhibit 401, Exhibit 499, and Exhibit 701.

126. The judgment entered in USTC 9661-16 was based upon the settlement agreement in Exhibit 411.  See Exhibit 451.

## USTC 25665-17

127. The IRS Office of Chief Counsel initially argued fraud in their pretrial memorandum in USTC 25665-17 by writing "no sale occurred" in reference to owning SHV and SHV purchasing SleepHeart LLC from Dr. Merchia for $30 million in 2008.  See Exhibit 301 page 9 of 11 at 1st sentence of ¶2 and generally.

128. Dr. Pendse responded to the IRS Office of Chief Counsel with bank records, business records, state corporation filings, and USPTO records refuting their claim that "no sale occurred".  See Exhibit 311.

129. IRS Office of Chief Counsel then "coordinate[d]" with the Department of Justice, that was handling another case with Dr. Merchia, where they were relying upon the validity of the sale to tax Dr. Merchia on $12.5 million dollars that he had not received (yes tax him on money he had not received).  See Exhibit 321 page 3 of 4 ¶6, Exhibit 331, Exhibit 601, and Exhibit 501.

130. The IRS Office of Chief Counsel wrote in their "Counsel Settlement Memorandum", a document they are required by law to write prior to settling a case, that "[IRS Office of Chief] Counsel initially took the position that the purchase of SleepHeart LLC was illegitimate. … [IRS Office of Chief] Counsel conferred with the Department of Justice … The amortization [of Dr. Pendse's SHV's purchase of SleepHeart LLC from Dr. Merchia in Sept 2008]

deduction Plaintiff sought would be enough to eliminate the deficiency. …
Our history with [the tax court judge] suggests he would not look favorably
on the government taxing [Dr.] Merchia on the proceeds from the sale while
at the same time denying [Dr. Pendse] a deduction stemming from the same
sale.  In light of that, Counsel determined to concede the case."  See Exhibit
331 pages 2 and 3 of 3.

131. The IRS Office of Chief Counsel "concede[d]" that Dr. Pendse was the owner
of SHV and thus was entitled to deduct SHV's operational expenses (e.g. rent,
contract staff, cost of goods sold) and SHV's special expenses of a deduction
for the amortization of the purchase of SleepHeart LLC from Dr. Merchia for
$30 million during 2008.  See Exhibit 340 page 1 last sentence of ¶1, Exhibit
301 page 3 of 11, Exhibit 301 page 9 of 11 first sentence of ¶2, Exhibit 331
pages 2 and 3 and generally, and Exhibit 340.

132. The IRS Office of Chief Counsel considered and investigated fraud with
search warrants, site visits and subpoenas prior to settling by conceding USTC
25665-17.  See Exhibit 399, Exhibit 401, Exhibit 499, and Exhibit 701.

133. The IRS Office of Chief Counsel in coordination with the DOJ even argued
fraud in court filings by writing "no sale occurred" prior to settling by
conceding USTC 25665-17.  See Exhibit 301 page 9 of 11 at 1st sentence of ¶2,
Exhibit 321, Exhibit 331, and Exhibit 340 last sentence of ¶1.

134. The judgment entered in USTC 25665-17 was based upon the settlement
agreement in Exhibit 340 where Defendant "[concede[d]" the issues in its
pretrial memorandum Exhibit 301.  See Exhibit 301, Exhibit 311, Exhibit 321,
Exhibit 331, Exhibit 340, and Exhibit 351.

## US District of MA 1:18-cv-10424

135. The IRS Office of Chief Counsel settled USTC 25665-17 by conceding it not only because irrefutable evidence proved that Dr. Pendse owned SHV and SHV had purchased SleepHeart LLC from Dr. Merchia for $30 million, but also challenging Dr. Pendse's expense associated with the purchase was inconsistent with the IRS's position that Dr. Merchia should be taxed on $12.5 million in unrealized proceeds from the sale in 1:18-cv-10424.    See Exhibit 611 showing that Dr. Merchia received $2,491,815 in 2012.  See Exhibit 501 page 3 of 7 last two paragraphs and generally showing that Dr. Merchia was being taxed on income of $15,000,000 in 2012 based upon a promissory note signed by Dr. Pendse for SHV's 2008 purchase of SleepHeart LLC.  The IRS would not have been able to tax Dr. Merchia on this $15,000,000 promissory note if "no sale occurred" or Dr. Pendse did not own SHV or SHV had not purchased SleepHeart LLC for $30 million during 2008.

136. US District Court of MA Memorandum and Order in 1:18-cv-10424 found, relied upon, and noted that "[Dr. Pendse] signed the [promissory] note [for $15 million towards SHV's purchase of SleepHeart LLC] and is the sole member of [SHV] which purchased [Dr. Merchia's] company [SleepHeart LLC for $30 million in 2008]".  See Exhibit 501 page 2 of 7 ¶2; page 3 of 7 last 2 paragraphs; and generally.

137. Conceding USTC 25665-17 to Dr. Pendse was essential for Defendant to tax Dr. Merchia on $15 million in 1:18-cv-10424 even though Dr. Merchia had only received $2.5 million in 2012.

# PRAYER

138.   Determine Plaintiff's tax liability for 2023 and Order Defendant to send
   Plaintiff the tax refund she sought for 2023 with interest.

139.   Note the facts underlying the court's determination of Plaintiff's tax liability
   for 2023 (i.e. the facts in the settlement agreements and prior rulings that (a)
   Dr. Pendse owned SHV, (b) SHV purchased SleepHeart LLC from Dr. Merchia for
   $30 million in 2008, and (c) Dr. Pendse is entitled to take deductions on her
   personal income tax for the expenses of SHV including its amortized expenses
   for the purchase of SleepHeart LLC).

140.   Any other relief this court may grant.

# Certification

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the

best of my knowledge, information, and belief that this complaint: (1) is not being

presented for an improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; (2) is supported by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law; (3) the

factual contentions have evidentiary support or, if specifically so identified, will

likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the

requirements of Rule 11.

# Verification

I, the Plaintiff, verify under the pains and perils of perjury that the contents of this

complaint are true and accurate to the best of my knowledge and the exhibits are

true copies of relevant documents.

Respectfully submitted,

/s/ Shona Pendse, M.D.

all service to sPendseFormal @ gmail.com

## Verification

I, the Plaintiff, verify under the pains and perils of perjury that the contents of this complaint are true and accurate to the best of my knowledge and the exhibits are true copies of relevant documents.

Respectfully submitted,

/s/ Shona Pendse, M.D.

all service to sPendseFormal @ gmail.com

28